UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RONDA HORSLEY,<br><br>    Plaintiff,<br><br>v.<br><br>HEART HOSPITAL OF SOUTH DAKOTA, LLC, a North Carolina Limited Liability Company, d/b/a, AVERA HEART HOSPITAL OF SOUTH DAKOTA and PAUL E. MEYER, MD,<br><br>    Defendant. | Civ. 19-__4092__<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Ronda Horsley, for her causes of action against Defendants, Heart Hospital of South Dakota, LLC, a North Carolina Limited Liability Company, doing business as Avera Heart Hospital of South Dakota, and Paul E. Meyer, MD, states and alleges on information and belief as follows:

**PARTIES, JURISDICTION & VENUE**

1. The matter arises out of a medical procedure performed on Plaintiff by Defendant, Paul Meyer, MD (hereinafter "Meyer"), at a facility operated by Heart Hospital of South Dakota, LLC, a North Carolina Limited Liability Company, doing business in the State of South Dakota under the business name "Avera Heart Hospital of South Dakota" (hereinafter "Avera Heart Hospital"), in Sioux Falls, Minnehaha County, South Dakota on or about February 28, 2018.

2. Plaintiff is a resident of the State of Iowa.

3. Avera Heart Hospital is a North Carolina limited liability company and was organized for the purpose of providing health care and at all times material hereto was in fact

1

providing health care and hospital services including thoracic surgery services in Minnehaha County, South Dakota, and at all times material, had as its employee and agent, nurses, physicians and other health care staff including Defendant, Meyer, who were all responsible for the care and treatment of Plaintiff, and who were acting within the scope of their employment, thus subjecting Defendant to vicarious liability for the acts and omissions of all its agents and employees in addition to its own liability.

4. On information and belief, Meyer is a resident of the State of South Dakota.

5. At all relevant times, Meyer was licensed to practice medicine in South Dakota, and he held himself out to the public to be competent, careful and experienced in the specialty of thoracic surgery and was at all times material the agent of Defendant Avera Heart Hospital and acting within the scope of his agency.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 because there exists complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy claimed by Plaintiff, exclusive of interest and costs, exceeds Seventy-five Thousand Dollars ($75,000).

7. Venue is proper in accordance with 28 U.S.C. §1391 because the acts of Defendants complained of occurred in Minnehaha County, South Dakota against Plaintiff as more fully set forth herein.

## FACTUAL BACKGROUND

8. At all relevant times, Defendant had a duty to comply with accepted standards of practice in providing medical care and treatment to Plaintiff.

9. On January 26, 2018, Plaintiff was determined to have a nodular change in the upper lobe of her right lung by Yankton pulmonologist, Michael Pietila, MD.

10. Dr. Pietila charted, "I will refer her to the thoracic surgeon for consideration of wedge excision *via thoracoscopy* and if indeed malignancy is confirmed then right upper lobectomy."

11. Dr. Pietila specifically charted, "I think it would be *very difficult to biopsy transthoracically*".

12. On February 14, 2018, Plaintiff met with Meyer at Avera Heart Hospital where Meyer explained that he would proceed in the manner described by Dr. Pietila – using a minimally invasive scope to biopsy the nodule and then if the nodule was determined to be malignant, remove the upper right lobe of the lung. Meyer charted that plan as:

> PLAN: We will schedule for right *thoracoscopy* with wedge resection and *possible conversion to open* for completion lobectomy.

13. Thoracoscopy is a minimally invasive surgery unlike a thoracotomy which is performed transthoracically and requires an invasive incision through the chest wall and spreading the patient's ribs.

14. On February 27, 2018, the day before surgery, Meyer and Avera Heart Hospital secured the written consent for surgery from Plaintiff for, "*Right thoracoscopy* with wedge resection, excisional biopsy of lung nodule."

15. On February 28, 2018, the morning of surgery, Avera Heart Hospital anesthesia described the procedure to Plaintiff as a thoracoscopy and the Pre-Anesthesia Evaluation stated, "Surgical Procedure: R *Thoracoscopy*."

16. Meyer, just prior to surgery, told Plaintiff that he was certain that her lung nodule was cancerous even though Meyer could not possibly know the status of the lung nodule without pathological evaluation. Meyer failed to disclose to Plaintiff that he could not definitively know

3

that the lung nodule was cancerous absent pathological evaluation, and, based on Meyer's failure to disclose this material information, convinced Plaintiff at the very last minute to abandon the established minimally invasive surgical plan for a transthoracic approach.

17. At the time of surgery, Meyer did not perform the minimally invasive thoracoscopy that was recommended by Dr. Pietila, specified in Meyer's dictated surgical plan and contained in the written surgical consent form signed by Plaintiff, but instead performed the invasive thoracotomy without any necessary pathology analysis to determine whether Plaintiff even had cancer.

18. After performing a wedge resection to biopsy the nodule, Meyer did send tissue to pathology for a determination of whether any cancer was present.

19. However, without waiting to learn the results of the pathology, Meyer, consistent with his reckless belief that he could diagnose cancer without any tissue, proceeded to "mobilize" Plaintiffs upper right lobe for removal by performing unnecessary and unconsented to dissection and ligation of structures and unnecessarily exposing the surface of anatomical structures thus exposing Plaintiff to surgical trauma, adhesions and risk.

20. While Meyer was working to remove Plaintiff's upper right lobe, pathology determined that the nodule was not cancerous and that Meyer was, in fact, mobilizing a healthy lobe for removal.

21. Following the procedure, Plaintiff developed a persistent air leak from the lung that caused severe and painful subcutaneous air in Plaintiff's arms, legs, chest and face.

22. Prior to the air leak, Plaintiff's face looked like this:

23. Plaintiff's condition was ignored until Plaintiff was experiencing excruciating pain and her face looked like this:



24. On March 4, 2018, a different surgeon, Steven Feldhaus, MD, finally returned Plaintiff to surgery and placed a chest tube for decompression of pneumothorax and severe subcutaneous emphysema and first disclosed to Plaintiff what Meyer had done.

## CAUSES OF ACTION

25. Defendants conduct herein described was a radical departure from the applicable standard of care and constituted negligence and failure to obtain informed consent.

26. Meyer knew that he could not definitively state that Plaintiff's lung nodule was cancerous absent pathological evaluation. Plaintiff relied on Meyer's intentional or reckless nondisclosure to her detriment.

27. Plaintiff would not have signed the last minute surgical consent form absent Meyer's failure to disclose material information.

28. As a result of Meyer's intentional, reckless, or negligent deceit, Plaintiff suffered damages.

29. Meyer's conduct in performing an unnecessary thoracotomy and unnecessary and unconsented to mobilization without the informed consent of Plaintiff, constituted a battery against Plaintiff as unconsented to and offensive touching of her body.

30. Defendant's conduct was a direct and substantial cause of Plaintiff's injuries and complications, past and future.

31. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and/or will suffer damages in excess of Seventy-five Thousand Dollars ($75,000), as follows:

   A. Physical injuries and physical pain, past and future;

   B. Past and future medical and associated expenses;

   C. Permanent scarring, impairment and disability;

   D. Great mental pain and inconvenience, past and future; and

   E. Loss of the normal pleasures of life to which she was formally accustomed.

WHEREFORE, Plaintiff requests a judgment against the Defendant in an amount in excess of Seventy-five Thousand Dollars ($75,000), as follows:

   1. For general damages in an amount which the jury determines is just and proper;

   2. For Plaintiff's special damages in an amount which the jury determines is just and proper;

   3. For punitive damages;

   4. For Plaintiff's costs and disbursements herein;

   5. For prejudgment and post-judgment interest as provided by law; and,

   6. For any other and future relief which the Court determines is just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims and issues so triable.

Dated this 22nd day of May, 2019.

                BRENDTRO LAW FIRM, P.C.

                /s/ Robert D. Trzynka
                Robert D. Trzynka
                Daniel K. Brendtro
                1201 W. Russel Street
                PO Box 2583
                Sioux Falls, SD 57101-2583
                (605) 951-9011
                bobt@hovlandrasmus.com
                dan@brendtrolawfirm.com

                and

                Dan Rasmus (*pro hac pending*)
                HOVLAND & RASMUS, PLLC
                Southdale Office Centre
                6800 France Avenue S., Suite 190
                Edina, MN 55435
                Phone:  (612) 874-8550
                drasmus@hovlandrasmus.com
                *Attorneys for Plaintiff*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RONDA HORSLEY

**DEFENDANTS**
HEART HOSPITAL OF SOUTH DAKOTA, LLC, a North Carolina Limited Liability Company, d/b/a, AVERA HEART HOSPITAL OF SOUTH DAKOTA and PAUL E. MEYER, MD.

(b) County of Residence of First Listed Plaintiff: Woodbury
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wake
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert D. Trzynka and Daniel K. Brendtro, Brendtro Law Firm, P.O. Box 2583, Sioux Falls, SD 57101, (605) 951-9011

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Medical malpractice and fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/22/2019
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____